**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.P.**

**No. 22-815** (Pendleton County 22-JA-9)

**MEMORANDUM DECISION**

Petitioner Mother K.P.[1] appeals the Circuit Court of Pendleton County's September 6, 2022, order terminating her parental rights to S.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On May 19, 2022, the DHHR filed a petition alleging petitioner had previously voluntarily relinquished her parental rights to three other children in January 2022 during a prior abuse and neglect proceeding. At that time, petitioner was pregnant but later claimed she did not know she was pregnant until she was weeks from giving birth to S.P., which occurred on May 16, 2022. The petition also alleged that petitioner did not receive any prenatal care during her pregnancy. According to the petition, during the previous abuse and neglect case petitioner and her mother were living together until petitioner's mother obtained a domestic violence protective order against petitioner, causing petitioner to leave the home. At the time of the filing of the May 2022 petition, petitioner was again living with her mother. The Child Protective Services ("CPS") worker who visited the home found that the condition of the home had not improved since the prior abuse and neglect case, there was no place for the baby, there were no baby items in the home, and the flooring in the kitchen and living room areas was deteriorating. The petition further alleged that a nurse at the hospital told the CPS worker that petitioner was not bonding with the baby and that hospital staff were the ones who fed and changed the baby.

Petitioner was adjudicated as an abusive and neglectful parent to S.P. on July 11, 2022. During the adjudicatory hearing, the circuit court found that the conditions that led to the earlier

---

[1]Petitioner appears by counsel Laura M. Wilson. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Marla Zelene Harman appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

abuse and neglect had not changed and that "[i]f anything, it's worsened." The court then held a dispositional hearing on August 22, 2022, during which it heard testimony from a CPS worker familiar with both abuse and neglect cases. The CPS worker confirmed that petitioner did not have independent housing and was working only four to five hours per week. When asked whether petitioner had the ability and means to take care of a child at that point, the CPS worker responded, "Based on her last experience with an improvement period, no." She also pointed out that the previous improvement period ended only months prior, in January 2022. The CPS worker did not believe there was any reasonable likelihood that the conditions of abuse and neglect could be remedied in the near future. During the hearing, the court found that "the circumstances that gave rise to the first removal in termination of parental rights ha[ve] not been remedied. There has been no material change in circumstances, still living in the same home, still not employed, no stable housing." It also took note of the lack of prenatal care and petitioner's inability "to sustain her own existence, let alone that of the child just as before." In addition to those findings, in its September 6, 2022, dispositional order, the court found that petitioner was unwilling or unable to adequately provide for the child's needs and that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future. It further determined that the child needs continuity of care and caretakers, which would be best achieved by the termination of petitioner's parental rights. It also denied petitioner's motion for post-termination visitation.[3] Petitioner appeals from that September 6, 2022, order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). In her single assignment of error, petitioner alleges that the circuit court erred by terminating her parental rights. However, after setting forth some of the relevant standards, petitioner simply asserts that the circuit court considered less restrictive alternatives but "did not decide they would be appropriate, due in part to the young age of the child." She also noted that the court mentioned petitioner's employment and obtaining a driver's license but "did determine this was not enough to remedy the circumstances that led to this case and her prior termination." Her only real argument in support of her contention is that she showed her ability to parent during her visits with the child.

While it is true that the CPS worker's testimony supports petitioner's contention that the visits with the infant went well, this Court has held that,

> "[a]s a general rule, the least restrictive alternative regarding parental rights to custody of a child under [West Virginia Code § 49-4-604 (2020)] will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely

---

[3]The father's parental rights were also terminated below. The permanency plan for the child is adoption in his current foster placement where two of his biological siblings have already been adopted.

to have their emotional and physical development [delayed] by numerous placements." Syl. Pt. 1, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re D.P.*, 245 W. Va. 791, 865 S.E.2d 812 (2021). As set forth above, the CPS worker's testimony established that, despite the services provided in the prior abuse and neglect case, petitioner failed to obtain independent housing or a job capable of supporting herself and the child. Instead of remedying those issues, petitioner chose to live with her mother who had previously obtained a domestic violence protective order against her, forcing her to quickly vacate that residence. The testimony and evidence supported the court's findings that petitioner was unwilling or unable to adequately provide for the child's needs and that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future. Importantly, in terminating petitioner's parental rights, because the child was under the age of three, the court properly considered the need for the continuity of care and caregivers. Because the court had ample evidence upon which to base the findings necessary for termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 6, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn